|   |   |
|---|---|
| IN THE UNITED STATES DISTRICT COURT FOR THE | |
| EASTERN DISTRICT OF CALIFORNIA | |

UNITED STATES OF AMERICA,  )   No. CR-F-98-5392 OWW
                           )   (No. CV-F-05-554 OWW)
                           )
        Plaintiff/         )   ORDER DENYING PETITIONER'S
        Respondent,        )   REQUEST FOR REVIEW OF
                           )   SENTENCE (Docs. 329 & 330)
    vs.                    )
                           )
MARVIN NAJERA RIOS,        )
                           )
        Defendant/         )
        Petitioner.        )
                           )
_____)

On April 25, 2005, Petitioner Marvin Najera Rios, proceeding *in pro per*, filed a "Request for Review of Sentence." The Clerk's Office this motion to be a second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and assigned a civil case number to the motion.

Petitioner pleaded guilty pursuant to a written Plea Agreement, (Doc. 238), to Count One of seven count indictment, charging him with conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of

1

21 U.S.C. §§ 841(a)(1) and 846.  Petitioner was sentenced on May 5, 2001 to 120 months in custody and 60 months supervised release.  (Doc. 283).  Petitioner, who waived his right to appeal his conviction and sentence, did not file a Notice of Appeal.

On November 16, 2001, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 304).  Petitioner requested the Court "'vacate the sentence and allow him to proceed to trial, or resentence him so that the INS will not deport him' based on four grounds: (1) the indictment was defective; (2) counsel allegedly never advised Petitioner of 'the consequences of deportation'; (3) counsel alleged[ly] failed to conduct discovery on the liquid alleged to be part of the methamphetamine; (4) counsel allegedly failed to contest the disparate sentences given to co-conspirators."  (Doc. 325, pg. 1).  By Order filed on May 25, 2004, Petitioner's Section 2255 motion was denied and the Court declined to issue a Certificate of Appealability.  (Docs. 325 and 326).

In his "Request for Review of Sentence", Petitioner contends that the Court's drug quantity determination for sentencing purposes violated Petitioner's rights as enunciated by *United States v. Booker*, 543 U.S. 220 (2005).  Petitioner asserts:

> Relief can and should be granted through a liberal construction of the instant pleading, either as an emergency petition for discharge and immediate release pursuant to 28 U.S.C. § 1621(a) and/or Writ of Audita Querela; through 18 U.S.C. § 3582(c)(2) as the recent modification of the Guidelines as advisory instead of mandatory, clarifying Congressional intent, is a clarifying

amendment to the guidelines and because clarifying amendments to the Guidelines are to be applied retroactively; through 18 U.S.C. § 3742 as the sentence was imposed in violation of the law, an incorrect application of the guidelines and because the sentence is greater than the sentence specified in the guideline range. Additionally, the instant petition could be construed as a Rule 60(b) Motion or an actual innocence claim as Petitioner is actually innocent of the sentence imposed because the Supreme Court has declared that the sentencing system under which Petitioner was sentenced is unconstitutional and no longer a mandatory scheme, it has essentially invalidated the system upon which Petitioner was sentenced.  This petition could also be construed as a general habeas corpus writ.

The Court need not address any of the various procedural theories upon which Petitioner seeks to base this motion.  Nor does the Court need to rectify the Clerk's Office's characterization of Petitioner's motion as a Section 2255 motion. *United States v. Booker* does not apply retroactively to convictions that became final prior to its pronouncement.  *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005), *cert. denied*, 546 U.S. 1155 (2006).  There is no legal basis to grant the relief sought by Petitioner under any procedural posture.

Petitioner's "Request for Review of Sentence" is DENIED.

IT IS SO ORDERED.

Dated:   February 12, 2008              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE

3